# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID P. ROGERS,

        Plaintiff,

v.

MIKE MESTRIN, et al.,

        Defendants.

Case No. 3:23-cv-00249-JMK

## ORDER OF DISMISSAL

On October 27, 2023, self-represented prisoner David P. Rogers ("Plaintiff") filed a civil complaint in the above-captioned case.[1] On November 30, 2023, Plaintiff sent a letter to the Court.[2] Plaintiff brings suit against two officers and a district attorney, who appear to be employed in Riverside County, California. Plaintiff also names Securus Technologies and the Robert Presley Detention Center in Riverside County, California.

In order to properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee or file an application to waive prepayment of the filing fee.[3] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement of their prison trust account for the past six

---

[1] Docket 1.

[2] Dockets 1–2.

[3] Local Civil Rule 3.1(c).

months. Plaintiff did not file a civil cover sheet and has not paid the filing fee or filed an application to waive prepayment of the fee. Accordingly, this civil action is deficient. Ordinarily, the Court would grant Plaintiff 30 days to cure the deficiency. However, upon review, the Court finds that permitting leave to amend in this case would be futile.[4]

Federal law requires a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[5] Further, federal courts also have an independent obligation to ensure that they do not exceed the scope of their jurisdiction.[6] To avoid dismissal, a plaintiff must make a *prima facie* showing of jurisdictional facts.[7] Proper venue is also a concern when a complaint names out-of-state parties.[8] For the reasons explained below, Plaintiff's Complaint is dismissed on jurisdictional grounds and all pending motions denied as moot.

---

[4] *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

[5] 28 U.S.C. §§ 1915, 1915A.

[6] *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428 (2011).

[7] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).

[8] 28 U.S.C. S 1391(b).

Case No. 3:23-cv-00249-JMK, *Rogers v. Mestrin, et al.*
Order of Dismissal
Page 2 of 5
Case 3:23-cv-00249-JMK   Document 3   Filed 12/20/23   Page 2 of 5

## DISCUSSION

Plaintiff currently is incarcerated in the California Health Care Facility in Stockton, California.[9] All Defendants appear to be located in California, and all of the alleged events giving rise to this action seem to have occurred in California. Plaintiff has not provided any reason why he believes the District of Alaska has jurisdiction or could be considered a proper venue.

### I. Subject-Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[10] In general, a federal court has original jurisdiction over actions involving a federal question,[11] and actions between citizens of different states involving an amount in controversy greater than $75,000.[12] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[13]

### II. Personal Jurisdiction

A plaintiff must show that a court has personal jurisdiction over an out-of-state defendant.[14] "Federal courts ordinarily follow state law in determining the

---

[9] Docket 1 at 1

[10] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

[11] 28 U.S.C. § 1331.

[12] 28 U.S.C. § 1332(a).

[13] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[14] *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015).

Case No. 3:23-cv-00249-JMK, *Rogers v. Mestrin, et al.*
Order of Dismissal
Page 3 of 5
Case 3:23-cv-00249-JMK   Document 3   Filed 12/20/23   Page 3 of 5

bounds of their jurisdiction over persons."[15] "Due process requires that [a] defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[16]

## III. Venue

Venue is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or where "a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[17]

## CONCLUSION

Plaintiff has not addressed how this Court has jurisdiction over any of the named Defendants or why this Court would be the proper venue for this case when none of the parties live or work in Alaska. Based on the allegations in the Complaint, the District of Alaska is not where a substantial part, or even any part, of the events or omissions giving rise to the claim occurred.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** without prejudice for lack of jurisdiction and improper venue.

---

[15] *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

[16] *Picot*, 780 F.3d at 1211 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

[17] 28 U.S.C. § 1391(b)(1)–(2); *see also* 28 U.S.C. §§ 1346(a), 1402(b) (venue may also be proper in the venue where the plaintiff resides in cases seeking recovery of any internal revenue tax).

Case No. 3:23-cv-00249-JMK, *Rogers v. Mestrin, et al.*
Order of Dismissal
Page 4 of 5
Case 3:23-cv-00249-JMK   Document 3   Filed 12/20/23   Page 4 of 5

2. Any pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a **final judgement.**

DATED this 20th day of December, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00249-JMK, *Rogers v. Mestrin, et al.*
Order of Dismissal
Page 5 of 5
Case 3:23-cv-00249-JMK   Document 3   Filed 12/20/23   Page 5 of 5